IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMONA SHAW, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 07 C 6257 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| BOARD OF TRUSTEES, ILLINOIS ) | Magistrate Judge Nolan |
| COMMUNITY COLLEGE DISTRICT ) | |
| NO. 508, a/k/a CITY COLLEGES OF ) | |
| CHICAGO; XIOMARA CORTES ) | |
| METCALFE; and WAYNE WATSON, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COUNT I OF PLAINTIFF'S COMPLAINT AS TIME BARRED**

In further support of their contemporaneously filed Fed. R. Civ. P. 12(b)(6) motion, Defendants the Board of Trustees, Illinois Community College District No. 508, Ms. Xiomara Cortes Metcalfe, in her individual capacity and Dr. Wayne Watson, in his individual capacity (collectively "Defendants") offer the following brief.

**I.      Background and Complaint Allegations**

On November 5, 2007 Shaw filed a four-count complaint alleging discriminatory failure to promote in violation of 42 U.S.C. §1981 ("Sec. 1981") (Count I); retaliation for complaining about alleged race discrimination in violation of Sec. §1981 (Count II); discriminatory termination of employment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count III) and retaliation for opposing race discrimination in violation of Title VII (Count IV). This motion is directed to Count I only.

Count I of the complaint alleges a discriminatory failure to promote Plaintiff Ramona Shaw ("Shaw") from her then-current position of Associate Vice Chancellor of Human

365238.1

Resources and Staff Development to the position of interim Vice Chancellor of Human Resources and Staff Development (the "Vice Chancellor" position). (Complaint ¶¶ 10-14.) Shaw claims that she applied for the Vice Chancellor position in January 2004; that she was qualified for the position; and had actually been performing the duties of the position since December 2003. (Complaint ¶¶ 12-14.)

Shaw claims that, despite her superior qualifications, City Colleges of Chicago passed her over and instead appointed "a Hispanic" to the Vice Chancellor position. (Complaint, ¶¶ 17-18.) Shaw alleges that she began reporting to the newly appointed Vice Chancellor by April 1, 2004. (Complaint, ¶ 19.) Accordingly, the latest date on which Shaw knew she was not being promoted to Vice Chancellor was on, or before, April 1, 2004.

Shaw alleges that City Colleges of Chicago and its Chancellor, Dr. Wayne Watson, "intentionally subjected [her] to unequal and discriminatory treatment by denying her a promotion to Vice Chancellor because of her race," and that this treatment constitutes unlawful race discrimination in violation of Sec. 1981. (Complaint, ¶¶ 33-34.)

**II.     Argument:  Plaintiff's Sec. 1981 Claim is Untimely**

The applicable statute of limitations for actions brought under Sec. 1981 in federal court in Illinois is two years. Smith v. City of Chicago Heights, 951 F.2d 834, 839 (7th Cir. 1992); see also Kalimara v. Illinois Dep't of Corrections, 879 F.2d 276, 277 (7th Cir. 1989), which collects a number of cases holding fast to the two-year statute of limitations, as "well settled" and having been applied "consistently in countless cases." Id. at 277.

By the allegations of her own complaint, Shaw claims to have applied for the position unfairly denied her in January of 2004. (Complaint, ¶ 13.) She concedes that she began reporting to the "Hispanic" actually appointed to fill the position by no later than April 1, 2004.

(Complaint, ¶ 19.) Therefore, there is no dispute that Shaw knew on or before April 1, 2004 that she was not being promoted to Vice Chancellor.

To bring a timely claim under Sec. 1981, Shaw would have had to file the instant complaint no later than April 1, 2006, two years after she knew her claim had accrued. <u>See</u>, e.g., <u>Smith</u>, 951 F.2d at 839. But Shaw's complaint was filed on November 5, 2007, which is over three and a half years after the alleged "failure to promote" was known to her. This claim is untimely on its face, and it should therefore be dismissed.

### III.    Conclusion

Based on Shaw's own allegations, her failure to promote claim is time barred. The Court should dismiss it, with prejudice, for these reasons and for those set forth in Defendants' accompanying motion.

                                            Respectfully submitted,

                                            **CITY COLLEGES OF CHICAGO,
DR. WAYNE WATSON, AND
XIOMARA CORTES-METCALFE**

                                            By: s/ Brian D. McCarthy
                                                  Brian D. McCarthy (6237641)

James C. Franczek, Jr.
Brian D. McCarthy
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois  60606
(312) 986-0300
Fax: (312) 986-9192

Dated:  January 7, 2008

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby states that on January 7, 2008 he caused a copy of the foregoing **Brief in Support of Defendants' Motion to Dismiss Count I of Plaintiff's Complaint as Untimely** to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

>Fern N. Trevino
>Alenna K. Bolin
>Antoinette Choate
>Law Offices of Fern Trevino
>211 West Wacker Drive, Suite 1650
>Chicago, IL 60606

>s/ Brian D. McCarthy

>Brian D. McCarthy
>Franczek Sullivan P.C.
>300 South Wacker Drive
>Suite 3400
>Chicago, IL 60606
>bdm@franczek.com

365238.1