## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RAMONA SHAW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 07 C 6257 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| BOARD OF TRUSTEES, ILLINOIS | ) | Magistrate Judge Nolan |
| COMMUNITY COLLEGE DISTRICT | ) | |
| NO. 508, a/k/a CITY COLLEGES OF | ) | |
| CHICAGO; XIOMARA CORTES | ) | |
| METCALFE; and WAYNE WATSON, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants the Board of Trustees, Illinois Community College District No. 508 (hereinafter "City Colleges of Chicago"), Ms. Xiomara Cortes Metcalfe, in her individual capacity and Dr. Wayne Watson, in his individual capacity (hereinafter collectively at times "Defendants") respond to the Complaint of Plaintiff Ramona Shaw ("Shaw") as follows:

### Allegations Relating to "Nature of the Action"

1.      Ramona Shaw seeks redress against her former employer City Colleges, for race discrimination and retaliation.  Plaintiff was denied a promotion because of her race and retaliated against for complaining of discrimination against herself and opposing discrimination and retaliation against other employees, in violation of 42 U.S.C. 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3, as amended by the Civil Rights Act of 1991.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff requests a trial by jury.

> **ANSWER:**    City Colleges of Chicago denies Shaw was subjected to race
>
> discrimination or retaliation.  Defendants deny Shaw was denied a
>
> promotion because of her race or because of retaliation.  Defendants deny
>
> Shaw complained of discrimination against herself, or opposed

365218.1

discrimination and retaliation against other employees.  Defendants deny

all remaining allegations of Paragraph No. 1 of the Complaint, except for

the final sentence which does not state an allegation of fact and therefore

requires no answer.

### Allegations Relating to "Jurisdiction and Venue"

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

**ANSWER:**    The Defendants do not contest the jurisdiction of this Court over the

subject matter of this dispute.

3.    Venue is proper in this judicial district because defendant resides in this district and all of the events giving rise to Plaintiff's claims occurred in this district pursuant to 28 U.S.C. § 1391.

**ANSWER:**    Shaw's use of the phrases "the defendant" and "the events giving rise to

Plaintiff's claims" are too vague and ambiguous to put Defendants on

sufficient notice of what is alleged; accordingly, the Defendants lack

knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph No. 3 of the Complaint.

### Allegations Relating to "The Parties"

4.    Plaintiff Ramona Shaw is African-American, resides in Illinois, and was employed by City Colleges for about seven years until City Colleges terminated her employment on December 15, 2006.

**ANSWER:**    City Colleges of Chicago admits that it terminated Shaw's employment on

or about December 15, 2006.  Defendants admit, upon information and

belief, the remaining allegations of Paragraph No. 4 of the Complaint.

5.    Defendant City Colleges is a public community college district, organized under the laws of the State of Illinois.

2

**ANSWER:**     City Colleges of Chicago admits the allegations of Paragraph No. 5 of the Complaint.  Because the allegations of Paragraph No. 5 are not directed to any other defendant, no further answer is required.

6.     Defendant Wayne Watson is, and was at all material times hereto, Chancellor of defendant City Colleges.  He is sued in his individual capacity.

**ANSWER:**     Shaw's use of the phrase "at all material times hereto" is too vague and ambiguous to put Defendants on sufficient notice of what is alleged; accordingly Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendants admit that Dr. Watson is the Chancellor of City Colleges of Chicago, and that Shaw purports to sue him in an individual capacity.

7.     Defendant Xiomara Cortes Metcalfe is, and was at all material times hereto, Vice Chancellor of Human Resources of defendant City Colleges.  She is sued in her individual capacity.

**ANSWER:**     Shaw's use of the phrase "at all material times hereto" is too vague and ambiguous to put Defendants on sufficient notice of what is alleged; accordingly Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendants admit that Ms. Cortes Metcalfe is the Vice Chancellor Human Resources of City Colleges of Chicago, and that Shaw purports to sue her in an individual capacity

8.     Defendants Watson and Cortes Metcalfe exercised supervisory authority over and made hiring, promotion, disciplinary, and other employment decisions concerning plaintiff and other City Colleges employees at all times material hereto.

**ANSWER:**     Shaw's use of the phrases "at all material times hereto," "other employment decisions," and "other City Colleges employees" are too vague and ambiguous to put Defendants on sufficient notice of what is

3

365218.1

alleged; accordingly Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendants admit that Dr. Watson and Ms. Cortes Metcalfe exercised supervisory authority over Shaw.  Defendants deny that Dr. Watson and Ms. Cortes Metcalfe made hiring and promotion decisions concerning Shaw, and deny the remaining allegations of Paragraph No. 8 of the Complaint.

9.    Defendant City Colleges has employed Watson and Cortes Metcalfe at all times material hereto.  City Colleges is responsible for the acts of Watson and Cortes-Metcalfe while acting within the scope of their employment.

**ANSWER:**    Shaw's use of the phrases "at all material times hereto" and "the acts of Watson and Cortes-Metcalfe" are too vague and ambiguous to put Defendants on sufficient notice of what is alleged; accordingly Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.  City Colleges of Chicago admits that it employed Dr. Watson and Ms. Cortes Metcalfe.  The remaining allegations of Paragraph No. 9 of the Complaint state conclusions of law to which no answer is required.

### Allegations Relating to "Facts Upon Which Claims are Based"

10.    Ramona Shaw began working for City Colleges in May 1999 as Associate Vice Chancellor of Human Resources and Staff Development.

**ANSWER:**    Defendants admit the allegations of Paragraph No. 10 of the Complaint.

11.    Ms. Shaw met and exceeded all legitimate performance expectations throughout her employment.  Her performance was exemplary.

**ANSWER:**    Defendants deny the allegations of Paragraph No. 11 of the Complaint.

4

12.     In December 2003, Ms. Shaw began performing the duties of the position of Vice Chancellor of Human Resources and Staff Development (the "Vice Chancellor position"), when the position became vacant.

**ANSWER:**     Defendants deny the allegations of Paragraph No. 12 of the Complaint.

13.     In January 2004, Ms. Shaw applied for the Vice Chancellor position, a position for which she was qualified.

> **ANSWER:**     The phrase "applied for" is too vague and ambiguous to put the
>
> Defendants on sufficient notice of what, precisely, Shaw is alleging;
>
> therefore, they lack knowledge or information sufficient to form a belief as
>
> to that allegation.   If by "apply" Shaw means to undergo a formal
>
> application process, the Defendants deny the allegations of Paragraph No.
>
> 13 of the Complaint.   Defendants deny the remaining allegations of
>
> Paragraph No. 13 of the Complaint.

14.     Defendants City Colleges and Watson did not appoint Ms. Shaw as interim Vice Chancellor before a formal appointment was made, although she was efficiently and capably performing all of the duties of the position.

> **ANSWER:**     Defendants deny that Shaw was not appointed to the interim Vice
>
> Chancellor position, and deny that Shaw performed "all of the duties of
>
> the position" of interim Vice Chancellor efficiently and capably.   The
>
> remaining allegations of Paragraph No. 14 of the Complaint are
>
> unintelligible and incomprehensible; therefore Defendants lack knowledge
>
> or information sufficient to form a belief as to the truth of the remaining
>
> allegations of Paragraph No. 14 of the Complaint.

15.     In March 2004, Ms. Shaw asked Chancellor Watson why she had not been appointed interim Vice Chancellor, contrary to the practice followed for at least two while employees who were appointed to interim positions.  Chancellor Watson stated that he had been pressured by the Mayor's Office to appoint a Hispanic to the Vice Chancellor position.

365218.1

> **ANSWER:** Defendants admit that Shaw demanded to be appointed to the interim Vice Chancellor position, but deny the remaining allegations of Paragraph No. 15 of the Complaint.

16.     After Ms. Shaw's inquiry, defendants Watson and City Colleges retroactively appointed her as interim Vice Chancellor.

> **ANSWER:** Defendants admit that Shaw was appointed to the interim Vice Chancellor position. Defendants deny the characterization of Shaw's demand as an "inquiry" and deny the remaining allegations of Paragraph No. 16 of the Complaint.

17.     However, defendants City Colleges and Watson appointed a Hispanic, defendant Xiomara Cortes Metcalfe, to the permanent Vice Chancellor position.

> **ANSWER:** Defendants deny that Dr. Watson appointed Ms. Metcalfe to the permanent position of Vice Chancellor. Defendants admit that City Colleges of Chicago appointed Ms. Metcalfe to the permanent position of Vice Chancellor. Defendants deny that Ms. Cortes Metcalfe is "Hispanic" and deny that "Hispanic" is a racial classification. Defendants respond further, affirmatively, that Ms. Cortes Metcalfe is Black.

18.     Ms. Shaw was more qualified for the Vice Chancellor position than defendant Cortes Metcalfe.

> **ANSWER:** Defendants deny the allegations of Paragraph No. 18 of the Complaint.

19.     Ms. Shaw began reporting to defendant Cortes Metcalfe effective April 1, 2004.

> **ANSWER:** Defendants deny the allegations of Paragraph No. 19 of the Complaint, and respond further, affirmatively, that Ms. Cortes Metcalfe became Shaw's direct supervisor on or about April 4, 2004.

6

20.    Per the Chancellor's instruction, Ms. Shaw began to transition many of her duties to and train defendant Cortes Metcalfe.  Ms. Shaw retained her responsibilities as District Director of the payroll, staffing, and EEO units, among others.

ANSWER:    Defendants admit that Ms. Cortes Metcalfe took over many of the duties

previously performed by Shaw.  Defendants admit that Shaw retained

some responsibility for "payroll, staffing, and EEO units" and other

human resource-related duties.  Defendants deny the remaining allegations

of Paragraph No. 20 of the Complaint.

21.    In September 2006, Ms. Shaw informed Cortes-Metcalfe that an African-American employee within the Office of Human Resources had filed an internal race discrimination complaint, asserting that preferential treatment had been given to a Hispanic employee.

ANSWER:    Defendants admit that, on or about August 28, 2006, an African-American

Payroll Analyst made an internal discrimination complaint alleging that

work rules pertaining to attendance had not been "equally assessed and

fairly applied interdepartmentally."  Defendants deny the remaining

allegations of Paragraph No. 21 of the Complaint.

22.    Cortes Metcalfe became enraged when she learned of the African-American employee's complaint and stated, "That motherfucker.  I'm sick of him.  I want him out of here!" Shortly thereafter, a draft disciplinary action was prepared against the African-American employee.

ANSWER:    Defendants deny the allegations of Paragraph No. 22 of the Complaint.

23.    Concerned about unlawful retaliation, and consistent with her human resources responsibilities, Ms. Shaw reported Cortes Metcalfe's statements to City Colleges' Ethics Officer/General Counsel.

ANSWER:    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph No. 23 of the

Complaint.  Responding further, affirmatively, Defendants are aware that

7

Shaw never filed an internal EEO complaint regarding either alleged

retaliation against an African-American employee or the statements

alleged to have been made by Ms. Cortes Metcalfe.

24.     City Colleges' Ethics Officer/General Counsel directed Ms. Shaw to document the incident and told Ms. Shaw that Cortes Metcalfe's conduct raised serious concerns that had to be reported to the Chancellor, the Board of Trustees, and under the State Ethics Act, to the Inspector General of Illinois.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph No. 24 of the

Complaint.

25.     In late September 2006, defendant Watson summoned Ms. Shaw to his office for a conference with defendant Cortes Metcalfe and others.   During this conference, Ms. Shaw reported Cortes Metcalfe's comments regarding the African-American employee's race discrimination complaint and her concern that the disciplinary action was retaliatory.

**ANSWER:**     Defendants deny any "disciplinary action" was taken against the African-

American employee to whom Shaw appears to refer.   Defendants admit

the remaining allegations of Paragraph No. 25 of the Complaint.

26.     Thereafter, defendants Watson and Cortes Metcalfe began to shun Ms. Shaw and treat her adversely.

**ANSWER:**     Dr. Watson and Ms. Cortes Metcalfe deny the allegations of Paragraph

No. 26 of the Complaint.   Because the allegations of Paragraph No. 26 of

the Complaint are not directed to City Colleges of Chicago, no further

answer is required.

27.     In November 2006, Ms. Shaw was informed by staff within the Office of Human Resources that defendant Cortes Metcalfe had hired a Hispanic employee at a higher rate of pay than non-Hispanic employees with better qualifications and more seniority.  Ms. Shaw received letters from two of her staff members who expressed concern about differential pay.

> **ANSWER:**    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 27 of the Complaint.

28.    On November 9, 2006, Ms. Shaw reported to defendant Cortes Metcalfe the concerns that she and her staff had about racially discriminatory pay practices.

> **ANSWER:**    Defendants admit that, on or about November 9, 2006, Shaw submitted a letter to Xiomara Cortes Metcalfe expressing concerns that, among other things, a newly hired Human Resources Coordinator was hired at an annual salary higher than current Human Resources Coordinators she believed had more experience.  Defendants deny that Shaw's "report" contained any complaint or suggestion whatsoever relating to racial discrimination, and responding further, affirmatively, incorporates the attached Exhibit A, a true and correct copy of Shaw's November 9, 2006 "report."

29.    Defendant Cortes Metcalfe retaliated against Ms. Shaw by removing Ms. Shaw's authority to deal with her staff with respect to pay issues and by criticizing Ms. Shaw when she asked Cortes Metcalfe for clarification about the removal of her authority.

> **ANSWER:**    Ms. Cortes Metcalfe denies the allegations of Paragraph No. 29.  Because the allegations of Paragraph No. 29 are not directed to any other defendant, no further answer is required.

30.    Shortly thereafter, on December 1, 2006, defendant Cortes Metcalfe, along with Executive Vice Chancellor Deidra Lewis, informed Ms. Shaw that her employment was terminated effective December 15.

> **ANSWER:**    Defendants admit that Ms. Cortes Metcalfe informed Shaw that her employment would be terminated effective December 15, 2006.  Defendants admit also that Executive Vice Chancellor Deidra Lewis was

9

365218.1

present at the time Shaw was so informed.  Defendants deny the remaining allegations of Paragraph No. 30.

31.     Defendant City Colleges approved defendant Cortes Metcalfe's recommendation to terminate Ms. Shaw's employment.

**ANSWER:**     Defendants deny that Ms. Cortes Metcalfe had any authority to terminate Shaw's employment.   City Colleges of Chicago admits that it had authority to terminate, and did terminate, Shaw's employment; City Colleges of Chicago admits further that Ms. Cortes Metcalfe recommended the termination of Shaw's employment. Because the allegations of Paragraph No. 31 are not directed to any other individual defendant, no further answer is required.

**Plaintiff's First Claim for Relief:**
**Alleged Violation of 42 U.S.C. § 1981 – Race Discrimination**

32.     Plaintiff restates and realleges by references paragraphs 1 through 31 above as through fully set forth herein.

**ANSWER:**     Defendants incorporate their responses to the foregoing ¶¶ 1-31 in response to Paragraph No. 32.

33.     Defendants City Colleges and Watson intentionally subjected plaintiff to unequal and discriminatory treatment by denying her a promotion to Vice Chancellor because of her race.

**ANSWER:**     City Colleges of Chicago and Dr. Watson deny the allegations of Paragraph No. 33.  Because the allegations of Paragraph No. 33 are not directed to any other individual defendant, no further answer is required.

34.     Defendants' actions constitute racial discrimination in employment in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

10

**ANSWER:** City Colleges of Chicago and Dr. Watson deny the allegations of Paragraph No. 34. Because the allegations of Paragraph No. 34 are not directed to any other individual defendant, no further answer is required.

35.    Defendants' actions in intentionally discriminating against plaintiff caused her severe emotional distress, humiliation, depression, anxiety, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other compensatory and consequential damages.

**ANSWER:** City Colleges of Chicago and Dr. Watson deny the allegations of Paragraph No. 35.  Because the allegations of Paragraph No. 35 are not directed to any other individual defendant, no further answer is required.

36.    Defendant Watson's actions were intentional, willful, and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

**ANSWER:** Dr. Watson denies the allegations of Paragraph No. 36.  Because the allegations of Paragraph No. 36 are not directed to any other Defendant, no further answer is required.

**Plaintiff's Second Claim for Relief:**
**Alleged Violation of 42 U.S.C. § 1981 – Retaliation**

37.    Plaintiff restates and realleges by reference paragraphs 1 through 31 above as through fully set forth herein.

**ANSWER:** Defendants incorporate their responses to the foregoing ¶¶ 1-31 in response to Paragraph No. 37.

38.    Defendants City Colleges, Watson, and Cortes Metcalfe retaliated against plaintiff for having engaged in the protected activity of complaining of race discrimination against herself and for opposing discrimination against other employees, in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

**ANSWER:** Defendants deny any retaliation and deny the remaining allegations of Paragraph No. 38.

11

365218.1

39.     Defendants' actions in intentionally retaliating against plaintiff caused her severe emotional distress, humiliation, depression, anxiety, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other compensatory and consequential damages.

**ANSWER:**     Defendants deny intentionally retaliating against Shaw and deny the

remaining allegations of Paragraph No. 39.

40.     The actions of defendants Watson and Cortes Metcalfe were intentional, willful, and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

**ANSWER:**     Shaw's use of the phrase "the actions of defendants…" is too vague and

ambiguous to put Defendants on sufficient notice of what is alleged;

accordingly Defendants lack knowledge or information sufficient to form

a belief as to the truth of those allegations.  Dr. Watson and Ms. Cortes

Metcalfe deny the remaining allegations of Paragraph No. 40.  Because

the allegations of Paragraph No. 40 are not directed to the remaining

defendant, no further answer is required.

**Plaintiff's Third Claim for Relief:**
**Alleged Violation of Title VII – Race Discrimination**

41.     Plaintiff restates and realleges by reference paragraphs 1 through 31 above as though fully set forth herein.

**ANSWER:**     Defendants incorporate their responses to the foregoing ¶¶ 1-31 in

response to Paragraph No. 41.

42.     On May 31, 2007, plaintiff timely filed a charge of race discrimination against defendant City Colleges with the Equal Employment Opportunity Commission ("EEOC").  (A copy of that charge is attached hereto as Exhibit A).

**ANSWER:**     Defendants admit that Shaw filed a charge of discrimination against City

Colleges of Chicago at the Equal Employment Opportunity Commission,

and that a copy of said charge was attached to the complaint.  Defendants

12

365218.1

lack knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of Paragraph No. 42.

43.    On October 29, 2007, plaintiff received a right to sue notice from the U.S. Department of Justice.  Plaintiff filed this Complaint within 90 days after her receipt of the right to sue notice.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph No. 43.

44.    Defendant City Colleges intentionally subjected plaintiff to unequal and discriminatory treatment by terminating her employment because of her race, in violation of 42 U.S.C. §2000e-2.

**ANSWER:**    City Colleges of Chicago denies any unequal and discriminatory treatment

and denies the remaining allegations of Paragraph No. 44.  Because the

allegations of Paragraph No. 44 are not directed to any other remaining

defendant, no further answer is required.

45.    Defendant's actions in intentionally discriminating against plaintiff caused her severe emotional distress, humiliation, depression, anxiety, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other compensatory and consequential damages.

**ANSWER:**    Shaw's use of the phrase "Defendant's actions" is too vague and

ambiguous to put Defendants on sufficient notice of what is alleged;

accordingly Defendants lack knowledge or information sufficient to form

a belief as to the truth of those allegations.  Defendants deny the remaining

allegations of Paragraph No. 45.

**Plaintiff's Fourth Claim for Relief:**
**Alleged Violation of Title VII – Retaliation**

46.    Plaintiff restates and realleges by reference paragraphs 1 through 31 and 42-43 above as though fully set forth herein.

13

**ANSWER:**    Defendants incorporate their responses to the foregoing ¶¶ 1-31 and 42-43

in response to Paragraph No. 46.

47.    Defendant City Colleges terminated plaintiff in retaliation for having engaged in the protected activity of opposing race discrimination, in violation of 42 U.S.C. § 2000e-3.

**ANSWER:**    City Colleges of Chicago admits that it terminated Shaw's employment.

City Colleges of Chicago denies any retaliation and denies the remaining

allegations of Paragraph No. 47.  Because the allegations of Paragraph No.

47 are not directed to any other defendant, no further answer is required.

48.    Defendant's actions in intentionally retaliating against Plaintiff caused her severe emotional distress, humiliation, depression, anxiety, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other compensatory and consequential damages.

**ANSWER:**    Shaw's use of the phrase "Defendant's actions" is too vague and

ambiguous to put Defendants on sufficient notice of what is alleged;

accordingly Defendants lack knowledge or information sufficient to form

a belief as to the truth of those allegations.  Defendants deny the remaining

allegations of Paragraph No. 48.

\*                    \*                    \*

## DEFENDANTS' AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, Defendants state as follows:

1.    Xiomara Cortes Metcalfe is not a proper defendant under 42 U.S.C. §1981 and therefore cannot be held liable for the violations alleged in Shaw's First Claim for Relief.

2.    Xiomara Cortes Metcalfe is not a proper defendant under 42 U.S.C. §1981 and therefore cannot be held liable for the violations alleged in Shaw's Second Claim for Relief.

14

3.      Xiomara Cortes Metcalfe is not an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and thus may not be sued in his individual capacity or held liable for the violations alleged in Shaw's Third Claim for Relief.

4.      Shaw may not sue Xiomara Cortes Metcalfe for alleged violations of Title VII of the Civil Rights Act of 1964, as alleged in Shaw's Third Claim for Relief, because Shaw failed to satisfy prerequisites to suit under Title VII of the Civil Rights Act of 1964.

5.      Xiomara Cortes Metcalfe is not an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and thus may not be sued in her individual capacity or held liable for the violations alleged in Shaw's Fourth Claim for Relief.

6.      Shaw may not sue Xiomara Cortes Metcalfe for alleged violations of Title VII of the Civil Rights Act of 1964, as alleged in Shaw's Fourth Claim for Relief, because Shaw failed to satisfy prerequisites to suit under Title VII of the Civil Rights Act of 1964.

7.      Dr. Wayne Watson is not a proper defendant under 42 U.S.C. § 1981 and therefore cannot be held liable for the violations alleged in Shaw's First Claim for Relief.

8.      Dr. Wayne Watson is not a proper defendant under 42 U.S.C. §1981 and therefore cannot be held liable for the violations alleged in Shaw's Second Claim for Relief.

9.      Dr. Wayne Watson is not an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and thus may not be sued in his individual capacity or held liable for the violations alleged in Shaw's Third Claim for Relief.

10.     Shaw may not sue Dr. Wayne Watson for alleged violations of Title VII of the Civil Rights Act of 1964, as alleged in Shaw's Third Claim for Relief, because Shaw failed to satisfy prerequisites to suit under Title VII of the Civil Rights Act of 1964.

365218.1

11.    Dr. Wayne Watson is not an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 and thus may not be sued in his individual capacity or held liable for the violations alleged in Shaw's Fourth Claim for Relief.

12.    Shaw may not sue Dr. Wayne Watson for alleged violations of Title VII of the Civil Rights Act of 1964, as alleged in Shaw's Fourth Claim for Relief, because Shaw failed to satisfy prerequisites to suit under Title VII of the Civil Rights Act of 1964.

13.    To the extent Shaw purports to allege a discriminatory or retaliatory failure to promote or appoint her in ¶¶ 13-18 of her complaint, Shaw's allegations against any defendant are time-barred under 42 U.S.C. § 1981.

14.    To the extent Shaw purports to allege a discriminatory or retaliatory failure to promote or appoint her in ¶¶ 13-18 of her complaint which occurred more than 300 days before the filing of her charge of discrimination with the Equal Employment Opportunity Commission, such claims are time barred under Title VII of the Civil Rights Act of 1964 against any defendant.

15.    To the extent Shaw purports to assert claims of discrimination or retaliation under Title VII of the Civil Rights Act of 1964 that were not included in her charge of discrimination filed with the Equal Employment Opportunity Commission, Shaw has failed to exhaust her administrative prerequisites to suit and such claims are barred against any defendant.

16.    Shaw has failed to satisfy statutory prerequisites to suit against any defendant under Title VII of the Civil Rights Act of 1964 because she requested and obtained a notice of right to sue from the Equal Employment Opportunity Commission before that agency issued a determination on the charge, and less than 180 days from the date Shaw filed the charge.

365218.1

17.    City Colleges of Chicago engaged in good faith efforts to comply with Title VII of the Civil Rights Act of 1964 and therefore cannot be held liable for punitive damages for any violation alleged in Shaw's Third Claim for Relief.

18.    City Colleges of Chicago engaged in good faith efforts to comply with Title VII of the Civil Rights Act of 1964 and therefore cannot be held liable for punitive damages for any violation alleged in Shaw's Fourth Claim for Relief.

19.    Even assuming Shaw could establish that her race played any part in any decision of which she complains in the complaint, Defendants would have made the same decision even in the absence of any unlawful consideration.

20.    Shaw's first claim for relief, failure to promote, is time-barred pursuant to the expiration of the applicable statute of limitations, which is two (2) years.

**WHEREFORE**, Defendant City Colleges of Chicago requests that the Complaint be dismissed in its entirety; that it be awarded its costs and fees incurred in defending this meritless matter; and that the Court award it such other and further relief as it deems appropriate.

Respectfully submitted,

**CITY COLLEGES OF CHICAGO**
**DR. WAYNE WATSON and**
**XIOMARA CORTES METCALFE**


By:  /s/ Brian D. McCarthy
        One of Its Attorneys

James C. Franczek, Jr.
Brian D. McCarthy
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois  60606
(312) 986-0300
Fax:  (312) 986-9192

Dated:  January 29, 2008

17

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby states that on January 29, 2008 he caused a copy of the foregoing **Defendants' Answer and Affirmative Defenses to Complaint** to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

> Fern N. Trevino
> Alenna K. Bolin
> Antoinette Choate
> Law Offices of Fern Trevino
> 211 West Wacker Drive, Suite 1650
> Chicago, IL  60606


> s/ Brian D. McCarthy

> Brian D. McCarthy
> Franczek Sullivan P.C.
> 300 South Wacker Drive
> Suite 3400
> Chicago, IL 60606
> bdm@franczek.com

18

365218.1